```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )
                                    )   Cr. No. 13-163 WES
ERNESTO MONELL, JR.,                )
                                    )
          Defendant.                )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Defendant Ernesto Monell Jr.'s Motion for Retroactive Application of Sentencing Guidelines Under 18 U.S.C. § 3582 ("Mot."), ECF No. 65. For the reasons set forth below, the Motion is DENIED without prejudice.

I.   BACKGROUND

On August 16, 2013, Ernesto Monell used a "shank" to attack fellow detainees during a violent altercation at the Donald Wyatt Detention Facility. Gov't's Trial Mem. 1, ECF No. 18. He was subsequently indicted on one count of possessing contraband in prison in violation of 18 U.S.C. § 1791(a)(2)(b)(1)(B). Indictment, ECF No. 1-1. A jury found him guilty of that charge on May 20, 2014. Jury Verdict, ECF No. 26. He was sentenced to twenty-four months in prison, consecutive to the sentence he was already serving. J. 2, ECF No. 32.

On January 28, 2018, Monell filed a motion under Section

603(b) of the 2018 First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), asking the Court to reduce his sentence to six months due to extraordinary and compelling family circumstances. See Mot. 1, 5.

The Government argues that such relief is inappropriate because Monell has neither exhausted his administrative remedies nor demonstrated extraordinary and compelling family circumstances. See United States' Resp. in Opp'n to Def.'s First Step Act Mot. ("Resp.") 1, ECF No. 67.

II. DISCUSSION

In 2018, Congress passed the First Step Act, "a bipartisan legislative effort to moderately overhaul the criminal justice system." United States v. Simons, 375 F. Supp. 3d 379, 384 (E.D.N.Y. 2019). Among other things, Congress intended to "increas[e] the use and transparency of compassionate release." First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5238 (2018). Prior to the First Step Act, motions for compassionate release were initiated by the Director of the Federal Bureau of Prisons ("BOP"); a defendant could only petition the Director to bring a motion on his or her behalf. See United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a prisoner to request relief directly from the sentencing court. Id. However, an individual can only petition the sentencing court after he or she has "fully exhausted all administrative rights to appeal a failure

of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Moreover, a court can only grant compassionate release where it determines that "extraordinary and compelling reasons warrant such reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.  The Sentencing Commission is authorized to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(t); see United States Sentencing Guidelines § 1B1.13, Note 1 (enumerating extraordinary and compelling circumstances).

Here, Monell has not exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A).  See Resp. 2.  The exhaustion requirement set forth in § 3582(c)(1)(A) is mandatory, United States v. Miamen, No. CR 18-130-1 WES, 2020 WL 1904490, at *3 (D.R.I. Apr. 17, 2020),[1] and therefore, Monell's apparent failure to properly pursue relief from the BOP is fatal.

---

[1] There may be a narrow exception to the exhaustion requirement where "the BOP's administrative process has rendered itself futile or is otherwise not properly functioning"; however, here, Defendant does not argue "life-threatening circumstances" or that the BOP is "unable or unwilling to act upon [his] petition for compassionate release."  See Miamen, 2020 WL 1904490, at *3.

3

III. CONCLUSION

Based on the foregoing reasons, Ernesto Monell Jr.'s Motion for Retroactive Application of Sentencing Guidelines Under 18 U.S.C. § 3582 ("Mot."), ECF No. 65, is DENIED without prejudice.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: July 22, 2020